IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 05-22721-CIV-MOORE/GARBER

INSTITUTO DE PREVISION MILITAR,

 Plaintiff,

vs.

MERRILL LYNCH & CO., INC.,
EDUARDO A. COLOMA, MERRILL
LYNCH, PIERCE, FENNER & SMITH
INCORPORATED, and ALL PARENTS,
SUBSIDIARIES, AND AFFILIATES OF
MERRILL LYNCH & CO., INC., AND
MERRILL LYNCH, PIERCE, FENNER &
SMITH INCORPORATED,

 Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DISMISSING CASE

THIS CAUSE came before the Court upon the Plaintiff's Motion for Reconsideration of the Court's Order Dismissing Case (DE # 61) and the Motion for Reconsideration adopted from the related case (DE # 75).

UPON CONSIDERATION of the Motions and being otherwise fully advised in the premises, the Court enters the following Order.

**I.** **Background**

Plaintiff Instituto de Prevision Militar ("Plaintiff" or "IPM") is a quasi-governmental agency of the Republic of Guatemala that, inter alia, manages the pension funds for members of the Guatemalan Armed Forces. 2nd Amended Compl., ¶ 2. Beginning in July 2001, non-party Pension Fund of America ("PFA") solicited IPM to open a "retirement trust account" at Merrill Lynch using the pension funds. Id. ¶ 18. PFA was an unregistered investment adviser, but PFA

concealed that fact and was presented to IPM as a business partner of Merrill Lynch. Id. ¶ 20. IPM invested $7,726,799.92 with Merrill Lynch. Id. ¶ 22. And Merrill Lynch invested IPM's money with PFA, which was carrying out an embezzlement and money laundering scheme. Id. ¶¶ 16–41. IPM alleges that Merrill Lynch knowingly provided substantial assistance to PFA's fraudulent scheme and/or recklessly disregarded numerous red flags, and its action and omissions were a proximate cause of the damages incurred by IPM. Id. ¶ 41.

On November 26, 2002, IPM filed a lawsuit in Florida state court against PFA, alleging twelve claims for relief.[1] Id. ¶ 42. The Miami-Dade Circuit Court issued an ex parte temporary injunction against PFA, but it did not take effect because IPM could not post the requisite $5,000,000.00 bond. Id. ¶ 43 As a result of the Florida state court action, IPM subpoenaed several financial institutions holding PFA funds, including Merrill Lynch. Based on the lawsuit, past dealings, and other information, IPM wanted to liquidate its account; Cornide instructed Defendant Coloma at Merril Lynch to do so. Id. ¶ 44. On February 10, 2003, Circuit Judge Maxine Cohen Lando granted a motion by IPM to compel Merrill Lynch to liquidate all of IPM's funds and transfer them to a trust account at Shutts & Bowen, LLP. Id. ¶ 45. Due to IPM's inability to recover all of its fund monies, IPM filed this lawsuit. See id. ¶¶ 46–50.

IPM is also a plaintiff in the related class action Cordova, et al. v. Lehman Brothers, Inc., 05-CIV-21169-MOORE/GARBER (S.D. Fla.) and the related action Instituto de Prevision Militar v. Lehman Bros. Inc., 05-CIV-22827-MOORE/GARBER (S.D. Fla.). On February 10, 2006, this Court issued a Consolidation Order (DE # 50) in this case consolidating these three

---

[1] The claims were: (1) Conversion; (2) Unjust Enrichment; (3) Temporary Injunction; (4) Constructive Trust; (5) Breach of Contract; (6) Fraud; (7) Breach of Fiduciary Duty; (8) Fraud in the Inducement; (9) Civil Conspiracy; (10) Violation of Fla. Stat. § 517.12; (11) Violation of Fla. Stat. § 517.301; (12) Accounting.

related cases for the purposes of discovery.

In each of these three related actions, this Court has held that the Securities Litigation Uniform Standards Act ("SLUSA") preempts all state law based claims in each complaint. (e.g., DE # 60). IPM brought the instant Motion for Reconsideration (DE # 61) and Notice of adopting the same Motion for Reconsideration (DE # 75) that had been filed in 05-CIV-22827-MOORE/GARBER. IPM argues that these two actions (i.e., the instant action and 05-CIV-22827-MOORE/GARBER) are not "covered class actions" under the SLUSA, and the Court erred in dismissing these two cases.

## II.     RECONSIDERATION STANDARD

The applicable standard for a motion for reconsideration is that the moving party "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. A motion for reconsideration should raise new issues, not merely address issues litigated previously." Socialist Workers Party v. Leahy, 957 F. Supp. 1262, 1263 (S.D. Fla. 1997) (internal quotation and citations omitted). "Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." Cover v. Wal-Mart Stores, Inc., 148 F.R.D. 294, 295 (M.D. Fla. 1993) (citations omitted).

## III.    ANALYSIS

Plaintiff argues that this Court erred in its Order Dismissing the Complaint (DE # 60) by holding that the instant case is a "covered class action" under the SLUSA. First, Plaintiff argues that it is the sole plaintiff and counts as "one person" under the SLUSA; therefore, this action is not a class action at all, but an individual lawsuit. Pl. Resp. at 3–8. Also, Plaintiff argues that the

retirement trusts are not "covered securities." Also, Plaintiff argues that it falls into the "individualized reliance" and "State pension plan" exceptions. Alternatively, Plaintiff argues that because it is seeking damages for the entity and not on behalf of a class, this action is more like a shareholder derivative suit and should fall under the SLUSA exception excluding shareholder derivative suits from being covered by the SLUSA.

### A.     Covered Class Action Under SLUSA

For the purposes of determining whether an action is a "covered class action" under the SLUSA, "a corporation, investment company, pension plan, partnership, or other entity, shall be treated as one person or prospective class member, but only if the entity is not established for the purpose of participating in this action." 15 U.S.C. §78bb(f)(5)(D). Plaintiff is a quasi-governmental agency of the Republic of Guatemala that manages the pension fund for some 12,000 present and former members of the Guatemalan Armed Forces. In the complaints, Plaintiff does refer to IPM's funds, IPM's property, IPM's damages, etc. Pl. Mot. (DE # 75) at 6–7. Plaintiffs Second Amended Complaint (DE # 62) goes to great lengths to characterize the lawsuit as an action that is not a "covered class action." 2nd Amended Compl. ¶¶ 2–5. In connection with its Motion in 05-CIV-22827-MOORE/GARBER, Plaintiff submits a Declaration of Colonel Carlos Roberto Moran Rosales, General Manager of IPM. (DE # 62 in that case). With this declaration, Plaintiff asserts it is not acting in a representative capacity, nor seeking damages on behalf of the pensioners, but is acting only on behalf of itself and any recovery would go to IPM, not to any individual pensioners. Pl. Mot. (DE # 75) at 8. In this light, Plaintiff appears to be one entity bringing an individual lawsuit.

However, according to 15 U.S.C. §78bb(f)(5)(B)(i), a covered class action includes a single lawsuit in which "damages are sought on behalf of more than 50 persons or prospective

4

class members," or a lawsuit in which "one or more named parties seek to recover damages on a representative basis on behalf of themselves and other unnamed parties." So even if Plaintiff counts as just "one person," if they are merely the named plaintiff seeking damages on a representative basis on behalf of other unnamed parties, then they would still be covered by 15 U.S.C. §78bb(f)(5)(B)(i). As recognized on page six of this Court's Order (DE # 60), "Plaintiff has continuously claimed that it represents the interests of a large class of Guatemalan military pensioners whose pension funds were lost by the malfeasance of Defendants." Defendant Merrill Lynch points to instances of what appears to be Plaintiff arguing that it represents the pensioners when it suits Plaintiff's position. Def. Resp. at 5. While Plaintiff's argument that this action is not a "covered class action" under 15 U.S.C. §78bb(f)(5)(B)(i) is persuasive in some respects, this Court is satisfied that Plaintiff has not made the stronger showing required to demonstrate clear error or manifest injustice as required for reconsideration.

Further, even if we assume this action does not qualify as a "covered class action" under 15 U.S.C. §78bb(f)(5)(B)(i), it does qualify as a "covered class action" under 15 U.S.C. §78bb(f)(5)(B)(ii). According to 15 U.S.C. §78bb(f)(5)(B)(ii), the term "covered class action" includes:

> [A]ny group of lawsuits filed in or pending in the same court and involving common questions of law or fact, in which—
>
> > (I) damages are sought on behalf of more than 50 persons; and
> >
> > (II) the lawsuits are joined, consolidated, or otherwise proceed as a single action for any purpose.

Courts have applied 15 U.S.C. §78bb(f)(5)(B)(ii) to find an action that would otherwise be an individual lawsuit qualifies as a "covered class action" when it has been joined with another

qualifying action even if only for pretrial or discovery purposes. In re Worldcom, Inc. Sec. Litig., 308 F. Supp. 2d 236 (S.D.N.Y. 2004) (where ten non-class actions were transferred to the same court in which a related class action was pending, and consolidated "for pretrial purposes," the non-class actions were a covered group of lawsuits for purposes of SLUSA preemption.); In re Enron Corp. Sec., Derivative & "ERISA" Litig., No. H-01-3624, 2006 WL 3716669 (S.D. Tex. Dec. 12, 2006) (holding SLUSA preemption proper where there were several similar complaints of exclusively state law claims filed by fewer than fifty plaintiffs in each action, but consolidated or coordinated for pretrial purposes); Gordon Partners v. Blumenthal, No. 02-Civ-7377(LAK)(AJP), 2007 WL 431864 (S.D.N.Y. Feb. 9, 2007) (Magistrate Judge recommending that individual action be considered a "covered class action" for SLUSA preemption, where the individual action had been consolidated with a related covered class action for pretrial purposes.).

Here, a group of three related lawsuits are "pending in the same court" as required by 15 U.S.C. §78bb(f)(5)(B)(ii), namely the instant action, Instituto de Prevision Militar v. Lehman Bros. Inc., 05-CIV-22827-MOORE/GARBER (S.D. Fla.), and Cordova, et al. v. Lehman Bros., Inc., 05-CIV-21169-MOORE/GARBER (S.D. Fla.). There can be no doubt that this element is satisfied because the three cases are all pending in the Southern District of Florida before the same Judge.

These three lawsuits share "common questions of law or fact" as required by 15 U.S.C. §78bb(f)(5)(B)(ii). Each of the complaints arise out of the same underlying facts regarding involvement in a fraudulent scheme perpetrated by Pension Fund of America and its affiliated entities and principals to defraud thousands of PFA's investors out of millions of dollars. 2nd Amended Compl., ¶¶16–41. IPM admits in its Notice of Previously Filed Actions (DE # 11) that

6

this case arises out of the same litigation the other two cases arise from, namely <u>SEC v. Pension Fund of America, L.C., et al.</u>, Case No. 05-20863-CIV-MOORE (S.D. Fla.). That there are common questions of law is illustrated by Plaintiff's Notice of Adopting (DE # 75) in its entirety the Motion for Reconsideration filed in the <u>Lehman Bros.</u> action. Additionally, Plaintiff has called these "combined related cases" and stated that "this Court should be consistent in its treatment of these related cases and its considerations of the law and arguments cited therein in rendering its decision in the respective related cases." Pl. Reply (DE # 83) at 3.

At least the <u>Cordova</u> action clearly involves a class action in which "damages are sought on behalf of more than 50 persons" as required by 15 U.S.C. §78bb(f)(5)(B)(ii)(I). <u>Cordova, et al. V. Lehman Bros.</u>, 413 F. Supp. 2d 1309 (S.D. Fla. 2006) (plaintiffs "brought this suit on behalf of themselves and other unnamed parties similarly situated . . . alleg[ing] that the Class includes approximately 3,400 investors.").

Finally, this group of lawsuits satisfies the requirement that the "the lawsuits [be] joined, consolidated, or otherwise proceed as a single action for any purpose." 15 U.S.C. §78bb(f)(5)(B)(ii)(II). Consolidation only for pretrial purposes or for discovery still satisfies this requirement because the lawsuits may be consolidated for "any purpose." <u>In re Worldcom, Inc. Sec. Litig.</u>, 308 F. Supp. 2d 236, 245–46 (S.D.N.Y. 2004); <u>In re Enron Corp. Sec., Derivative & "ERISA" Litig.</u>, No. H-01-3624, 2006 WL 3716669, *7 (S.D. Tex. Dec. 12, 2006); <u>Gordon Partners v. Blumenthal</u>, No. 02-Civ-7377(LAK)(AJP), 2007 WL 431864, *17–18 (S.D.N.Y. Feb. 9, 2007).

On February 10, 2006, this Court issued a Consolidation Order (DE # 50) in this case stating, "Case No. 05-22721-CIV-MOORE is consolidated with Case No. 05-21169-CIV-MOORE and Case No. 05-22827-CIV-MOORE for purposes of discovery only." Additionally,

7

Plaintiff has referred to these cases as "combined related cases." Merrill Lynch, 05-CIV-22721, DE # 83, at 3.

As discussed above, all of the elements required by 15 U.S.C. §78bb(f)(5)(B)(ii) are met; therefore, these three related cases qualify as a group of lawsuits that are "covered class actions." Additionally, Plaintiff has not raised any new argument, not previously considered, why the "retirement trusts" at issue would not be "covered securities" under the SLUSA, and this Court believes that its reasoning that such trusts are "covered securities" is still correct. *See* Cordova, 413 F. Supp. 2d at 1316–17. Further, Plaintiff has not raised any new argument, not previously considered, why the claims at issue might not involve a misrepresentation in connection with the purchase or sale of covered securities, and this Court believes that its reasoning addressing this in Cordova is still correct and applicable. *See* Cordova, 413 F. Supp. 2d at 1318–20. Therefore, SLUSA preemption of state-law claims was and is warranted.

**B.   Exceptions to SLUSA**

The term "'covered class action' does not include an exclusively derivative action brought by one or more shareholders on behalf of a corporation." 15 U.S.C. §78bb(f)(5)(C). Also, Arlia v. Blankenship held that a shareholder derivative suit was not a "covered class action," rejecting the defendants' argument that the court should look behind to the underlying purpose of the lawsuit and consider the lawsuit a class action seeking recovery on behalf of a class of shareholders, not just the corporation. 234 F. Supp. 2d 606, 609–13 (S.D.W. Va. 2002). In Arlia, the plaintiffs originally styled the lawsuit as a shareholder derivative suit and claimed they sought recovery only on behalf of the corporation. Id. The court held that any recovery would go to the corporation, and the plain language of the statute excludes shareholder derivative suits. Id. at 612–13.

8

This is the first time Plaintiff has argued that it might fall under the shareholder derivative suit exception. Plaintiff argues that because it seeks damages on behalf of an entity company and not the individual pensioners, that this is more like a shareholder derivative suit than a class action. However, a shareholder derivative suit is a special type of lawsuit with special requirements, including the demand requirement. *See* Fed. R. Civ. P. 23.1 (laying out requirements for shareholder derivative suit); Kamen v. Kemper Financial Services, Inc., 500 U.S. 90, 95–96 (1991). Plaintiff has not styled its action as a shareholder derivative suit, nor has it alleged that it has met the requirements to qualify as a shareholder derivative suit as set out in Federal Rule of Civil Procedure Rule 23.1. Plaintiff does not call itself a corporation, nor indicate that it has shareholders. Therefore, Plaintiff does not qualify for this special exception to SLUSA preemption.

Plaintiff does not raise any new argument, not previously considered, why the "State pension plan" exception in 15 U.S.C. §78bb(f)(3)(B) should apply. This Court still believes, as stated previously, that this exception only applies to pension plans of states in the United States. This is clear from reading the SLUSA in the context of its purposes to address problems that arose from the differences in bringing lawsuits in individual U.S. state courts versus U.S. Federal courts and the conflict between individual U.S. states' law and federal law. In context, this individual exception is addressing the preservation of U.S. state court causes of action in U.S. state courts for the U.S. state pension funds. *See* 15 U.S.C. §78bb(f)(3)(B).

Plaintiff also argues that it falls under the exception for issues of "individualized reliance" pursuant to 15 U.S.C. §78bb(f)(5)(B)(i)(I). This Court is not convinced that Plaintiff has sufficiently alleged individualized reliance. After reviewing the Complaint, it does not appear that there are any allegations that the individual IPM investors have issues of individual reliance on the

alleged misstatements or omissions. Additionally, this exception only applies to class actions covered under 15 U.S.C. §78bb(f)(5)(B)(i)(I), but as discussed above this lawsuit qualifies as a "covered class action" under 15 U.S.C. §78bb(f)(5)(B)(ii), so the exception does not control.[2]

IV. **Conclusion**

Based on the foregoing, it is

ORDERED AND ADJUDGED that Plaintiff's Motion for Reconsideration of the Court's Order Dismissing Case (DE # 61) is DENIED. It is further

ORDERED AND ADJUDGED that Plaintiff's Adopted Motion for Reconsideration of the Court's Order Dismissing Case (DE # 75) is DENIED.

ORDERED AND ADJUDGED that Plaintiff may file an amended complaint within **ten (10)** days of entry of this Order. It is further

ORDERED AND ADJUDGED that the Motion for Clarification and/or Modification of Consolidation of Discovery Order (DE # 56) and Motion for Extension of Time to File Response to Motion to Dismiss (DE #68) are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 26th day of April, 2007.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:   All counsel of record
      Magistrate Judge Garber

---

[2] IPM argued in their Motion for Reconsideration, as adopted (DE # 75) from the Lehman Bros. action, that a sua sponte dismissal was improper in the Lehman Bros. action. It does not appear that this argument is relevant to the instant action, because they had a chance to argue the issues in this action.

10